**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

SOLLINDA SGANGA,                                           Civil Case No:

                Plaintiff,

  -against-

                                 **COMPLAINT**

CONGREGATION EMANU-EL OF
THE CITY OF NEW YORK,
and CARA GLICKMAN,                                        Plaintiff Demands a
                                                          Trial by Jury

                Defendants.
---------------------------------------------------------X

      Plaintiff SOLLINDA SGANGA ("SGANGA" or "PLAINTIFF"), by her attorneys,

DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants CONGREGATION

EMANU-EL OF THE CITY OF NEW YORK and CARA GLICKMAN, upon information and

belief as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to the American with Disabilities Act ("ADA"), the Family and

Medical Leave Act ("FMLA"), New York State Law, and New York City Law, based upon the

supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*,

383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and

damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, disability

discrimination, failure to accommodate, retaliation, and termination by Defendants.

## JURISDICTION & VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under ADA and FMLA.

3. Additionally, this Court has supplemental jurisdiction over the related New York State and New York City law causes of action asserted in this action pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

5. Plaintiff has complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. Plaintiff SGANGA was and is an individual female who is a citizen of the State of New York, Orange County.

7. At all times material, Defendant CONGREGATION EMANU-EL OF THE CITY OF NEW YORK, was and is a domestic not-for-profit corporation duly existing by the virtue and laws of the State of New York.

8. At all times material Defendant CARA GLICKMAN ("GLICKMAN") was and is the Vice President of CONGREGATION EMANU-EL OF THE CITY OF NEW YORK.

## STATEMENT OF FACTS

9. On or about August 4, 1997, Defendants hired Plaintiff as a Maintenance Worker.

10. Although Defendants hired Plaintiff as a Maintenance Worker, Plaintiff would routinely and often work as, among other capacities, a Switch Board Operator, Receptionist, Office Worker, and Assistant Mailroom Clerk.

11. In 1997 through 2016, Defendants would frequently call on Plaintiff to do anything and everything, as needed.

12. On or about November 3, 2009, Plaintiff was injured while working for Defendants. As a result of the work place injury, Plaintiff suffered a long-term knee defects.

13. In or around 2009, as a result of Plaintiff's injury, Plaintiff underwent a surgery to repair her knee.

14. Despite having surgery, Plaintiff's knee continued to cause debilitating pain.

15. At all times material, Plaintiff has and had difficulty, among other things, bending, lifting, walking, and running, and has extreme pain in her knee.

16. In or around January of 2015, Plaintiff was in extreme pain because of her knee.

17. On or about March 10, 2015, Plaintiff requested—pursuant to a physician's order—time-off to help heal her knee. Defendants granted Plaintiff time off.

18. Throughout the remainder of 2015, Plaintiff spoke to Defendants' Vice President GLICKMAN regularly about her injury and projected return-to-work date.

19. On or about January 7, 2016, Plaintiff's physician sent Defendants' Vice President GLICKMAN a letter stating "[Plaintiff] may return to work – No heavy lifting or pulling. No stairs, no prolonged standing."

20. After receiving the letter, Defendants terminated Plaintiff. Defendants' Vice President GLICKMAN sent Plaintiff a letter, stating that Defendants terminated Plaintiff due to Plaintiff's medical restrictions.

21. Defendants did not engage in an interaction dialog with Plaintiff. Instead of engaging in an interactive process with Plaintiff to attempt to accommodate her disability, Defendants unilaterally determined Plaintiff's medical restrictions were in direct conflict to her duties.

22. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

23. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

24. At a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

25. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER ADA
## <u>(Not Against Individual Defendants)</u>

27. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

28. Plaintiff claims Defendant violated *Titles I and V of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101* SEC. 12112. *[Section 102]* specifically states: (a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

29. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER ADA
## <u>(Not Against Individual Defendants)</u>

30. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

31. 42 U.S.C. § 12203(a) holds, in relevant part, that "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

32. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD ACTION RETALIATION & INTERFERENCE
## UNDER THE FMLA 29 U.S.C. § 2601 ET SEQ

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if same were set forth herein fully at length.

34. § 2615 of the Act states as follows: "Prohibited acts:

(a) Interference with rights

(1) Exercise of rights: It shall be unlawful for any employer to interfere with, restrain, or
deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination: It shall be unlawful for any employer to discharge or in any other manner
discriminate against any individual for opposing any practice made unlawful by this
subchapter."

35. Defendants interfered with Plaintiff's rights under the above section and discriminated

against Plaintiff and constructively discharged plaintiff from her employment for opposing

Defendant's unlawful employment practice and attempting to exercise her rights.

## FOURTH CAUSE OF
## ACTION UNDER STATE LAW
## DISCRIMINATION

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint.

37. New York State Executive Law § 296 provides that: "1. It shall be an unlawful

discriminatory practice: "(a) For an employer or licensing agency, because of the age, race,

creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to

hire or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation or in terms, conditions or privileges of employment."

38. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's disability.

## AS A FIFTH CAUSE OF
## ACTION UNDER STATE LAW
## AIDING & ABETTING

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

40. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

41. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF
## ACTION UNDER STATE LAW
## RETALIATION

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

43. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

44. Defendants engaged in unlawful employment practices prohibited by § 296(7) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

46. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

47. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her disability.

48. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

49. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

51. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

52. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(e) by discriminating and retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

53. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN NINTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

55. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

57. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

59. New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

60. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A ELEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

62. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where; (i) the employee or agent exercised managerial or supervisory responsibility; (ii) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the

employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

63.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  April 15, 2018
        New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

Alexander G. Cabeceiras, Esq.
One Penn Plaza, Suite 4905
New York, NY 10119